UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW BREWER,

    Petitioner,

v.                                        CASE NO. 6:09-cv-2041-Orl-35KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) and a Notice of Current Litigation Related to Issues Contained in Petitioner's § 2254 Petition for Writ of Habeas Corpus ("Notice") (Doc. No. 2). In the Notice, Petitioner indicates that he has pending litigation in the state court which directly relates to issues raised in the habeas petition. *See* Doc. No. 2 at 1. As such, the Court ordered Petitioner to show cause why the action should not be dismissed based on Petitioner's failure to exhaust such claims in the state court or why this action should not be stayed pending resolution of his state court proceedings. *See* Doc. No. 7.

In response to the Court's Order to Show Cause, Petitioner filed a response indicating that he has been granted a belated direct appeal in the state court and that some of the claims raised in the instant petition may be impacted by the state court's resolution of his belated direct appeal. *See* Doc. No. 12. Petitioner contends *inter alia* that in his belated direct appeal he intends to challenge the voluntariness of his plea and the constitutionality of the trial court's sentence. In the instant petition, Petitioner raises various

claims that his plea was not voluntary based on ineffective assistance of counsel and a claim that his sentencing hearing was unconstitutional. Petitioner seeks a stay of the instant action pending the state court's resolution of his belated direct appeal.

The United States Supreme Court set forth the law explaining when a district court should grant a motion to stay a mixed petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254:

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The Court finds that Petitioner has demonstrated that good cause exists for his failure to exhaust some of his potential claims, namely that his attorney failed to file a direct appeal. Furthermore, there is no indication that Petitioner has engaged in intentionally dilatory litigation tactics. Finally, in light of the state court granting Petitioner a belated direct appeal, it is arguable that his unexhausted claims are potentially meritorious. Thus, the Court concludes that staying the instant action is appropriate pursuant to *Rhines*.

Additionally, Petitioner has filed a Motion for Miscellaneous Relief (Doc. No. 13, filed December 28, 2009), wherein he requests the Court to delete the word "amended" from his habeas petition. The habeas petition pending before the Court is not an amended petition as a new case was opened, and this petition is the only petition that has been filed in this case. Thus, Petitioner's motion is denied as there is no amended petition pending in this case. *See* Doc. Nos. 1 & 4.

Accordingly, it is hereby **ORDERED**:

1. Petitioner's Request to Stay (Doc. No. 12, filed December 28, 2009) is **GRANTED**, and this case is **STAYED** pending final resolution of the pending state court proceeding.

2. Petitioner shall file a motion to reopen this case within **SIXTY (60) DAYS** after a final decision has been rendered regarding his belated direct appeal. **The failure to do so within this time will result in dismissal of this case without further notice.**

3. Petitioner's Motion for Miscellaneous Relief (Doc. No. 13, filed December 28, 2009) is **DENIED**.

4. The Clerk of the Court is directed to administratively close this case.

**DONE AND ORDERED** in Orlando, Florida this 26th day of January 2010.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sc 1/26
Andrew Brewer